UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x     06-CV-3421 (RJD) (KAM)
LARRY VELASCO,

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

         Plaintiff,

  -against-

THE CITY OF NEW YORK, DETECTIVE BRUCE
KOCH, Shield #92146, DETECTIVE ANTOIN
MALLOY, Shield #02335, and DETECTIVE NELSON
VILLAFONE,

         Defendants.
-----------------------------------------------------------------x

  Plaintiff LARRY VELASCO, by his attorneys, Ofodile & Associates, P.C., complaining

of the Defendants – the City of New York (hereinafter also referred to as "City"), Detective

Bruce Koch, Shield #92146, Detective Antoin Malloy, Shield #02335, and Detective Nelson

Villafone – upon information and belief, alleges as follows:


**JURISDICTION AND VENUE**

  1.  This is an action at law to redress arrest, imprisonment, and prosecution without

probable cause, in violation of the Plaintiff's rights under the Fourth, Fifth, and Fourteenth

Amendments to the U.S. Constitution and 42 U.S.C. § 1983  This is also an action to redress the

pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional,

malicious, careless, and negligent acts of the City of New York, and some of its Police Officers.

  2.  Jurisdiction is specifically conferred on the United States District Court by 28

U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28

1

U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3.      Venue is proper because the events complained of occurred in the County of Queens, which is within the Eastern District of New York.

## PARTIES

4.      During all times relevant and material to this Complaint, Plaintiff Larry Velasco was a citizen of the United States residing in Queens County, New York, within the jurisdiction of this Court.

5.      During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6.      During all times relevant and material to this case, Defendant Detective Bruce Koch, Shield #92146, was employed by Defendant City of New York through its Police Department. Upon information and belief, during all times relevant and material to this case, Defendant Detective Bruce Koch was employed in the 110th Precinct of the City of New York.

7.      During all times relevant and material to this case, Defendant Detective Antoin Malloy, Shield #02335, was employed by Defendant City of New York through its Police Department. Upon information and belief, during all times relevant and material to this case, Defendant Detective Antoin Malloy was employed in the 110th Precinct of the City of New York.

8.      During all times relevant and material to this case, Defendant Detective Nelson

Villafone was employed by Defendant City of New York through its Police Department. Upon

information and belief, during all times relevant and material to this case, Defendant Detective

Nelson Villafone was employed in the 110th Precinct of the City of New York.

9.      The actions of Defendant Police Officers complained of herein were done as part

of the custom, practice, usage, regulation, and/or direction of Defendant City of New York.


## FACTS COMMON TO ALL CAUSES OF ACTION

10.      This action arose out of incidents that began on or about Wednesday, October 13,

2004. Some time between 1:00 and 2:00 p.m., while Plaintiff was on his lunch break at his

employment in Springfield Gardens, New York, Plaintiff received a call on his cell phone from a

friend who lived on the same block in Springfield Gardens as him. Plaintiff's friend told him

that the Police were on his block and that they were looking for him. Plaintiff was surprised and

shocked. He had no idea why the Police were looking for him and asked one of his co-workers

to drive him home so that he could find out.

11.      Plaintiff's co-worker drove him home. Plaintiff arrived at his house, which he

owns, just a short time later at or about 2:00 p.m. When he arrived on his block, he saw the

Police showing his photograph to his neighbors. The officers noticed that Plaintiff had pulled

into his driveway, and one of the officers approached the van in which Plaintiff was sitting. The

officer had his gun drawn and asked, "Are you Larry?" Plaintiff said yes. Defendants Detective

Bruce Koch, Detective Antoin Malloy, and Detective Nelson Villafone arrested Plaintiff,

handcuffing him behind his back, but did not tell him why he was being arrested, despite Plaintiff

repeatedly asking them why he was being arrested.

12. Plaintiff later found out that he was being falsely accused of a carjacking, which had allegedly occurred the previous Saturday, October 8, 2004 in East Elmhurst, Queens, New York. Plaintiff was completely innocent of the allegations. On that day, Plaintiff was doing what he regularly did on Saturdays – selling hats and other items at his vendor stand on the corner of Farmers Boulevard and 138th Street in Springfield Gardens, Queens, New York right in front of a laundromat.

13. The individual Defendants, who arrested Plaintiff, were from the 110th Precinct, which is in East Elmhurst, New York, where the carjacking had allegedly occurred. Because the individual Defendants were not from Plaintiff's precinct, which was the 113th Precinct, they waited with Plaintiff for approximately twenty minutes for officers from the 113th Precinct to arrive. The entire time that they were waiting, one of the officers was pointing a gun at Plaintiff's chest. As stated above, Plaintiff was handcuffed behind his back. Plaintiff asked the officers repeatedly, "What am I being arrested for? What's going on? Why does he [one of the officers] have his gun pointed at me?" The officers refused to give Plaintiff any information about what he was being arrested for.

14. The individual Defendants arrested Plaintiff without probable cause to believe that he had committed any crime. The individual Defendants did not conduct any investigations, did not ask Plaintiff any questions, and did not check into or look into any alibi that Plaintiff had before arresting him. There was no need whatsoever to arrest Plaintiff without doing an investigation, as they knew where he lived and he had identified himself. If the Police had done even a very cursory investigation, they would have found out that at the time the alleged carjacking took place in East Elmhurst, Plaintiff was at his vendor stand on the corner of Farmers

Boulevard and 138th Street in Springfield Gardens (which was on the other side of Queens from East Elmhurst), as Plaintiff had many witnesses to vouch for him, several of whom were store owners. One of the witnesses was a manager of a check cashing store near Plaintiff's stand. Not only was the manager a witness, but the manager also had a surveillance tape that showed Plaintiff working at his stand at the time of the alleged carjacking.

15. After twenty minutes of being held in front of his house and in front of his neighbors with a gun pointed at him the entire time, two officers from the 113th Precinct arrived, took Plaintiff to the 113th Precinct, put him in a holding cell there, and completed paperwork that would allow the 110th Precinct to take Plaintiff into custody. After Plaintiff was imprisoned at the 113th Precinct for about an hour, officers from the 110th Precinct came to the 113th Precinct and transferred him to the 110th Precinct where he was placed in a lineup.

16. Plaintiff was allegedly picked out of a lineup by the alleged victims. However, the police officers conducting the lineup did not have the lineup of suspects stand up. Plaintiff later found out that during the alleged carjacking, the carjacker had walked up to the victims' car window and pointed the gun at the victims demanding that they get out of the car. Therefore, the victims observed the carjacker standing up. By not having the lineup of suspects stand up, the Police prevented the alleged victims from getting an accurate view of the suspects' physical appearances. In addition, the alleged victims did not speak English. They only spoke Spanish and there was no interpreter present, so there was a language barrier between them and the Police.

17. After Plaintiff was allegedly picked out of the lineup, an officer formally placed him under arrest, took Plaintiff's identification, and told him for the first time that he was being

arrested for a carjacking. Plaintiff was dumbfounded and asked "What are you talking about? When did this happen?" The officer told Plaintiff that he couldn't give him any details at all about the incident for which Plaintiff was being accused. After a couple of hours of being held at the 110th Precinct, Plaintiff was transferred to Central Booking where he was fingerprinted.

18.     Plaintiff was wrongly charged with armed robbery in the first and second degree. Plaintiff appeared before a Judge the next day. He pled not guilty to the charges and his bail was set at $75,000.00. Plaintiff was taken to Rikers Island Correctional Facility where he was unjustly imprisoned for approximately five weeks. On November 16, 2004, he was released on his own recognizance. He had to appear in Court several times before the charges against him were finally dismissed on May 10, 2005.

19.     Plaintiff's sister called the 110th Precinct within a short time after Plaintiff's arrest and told them that there was a surveillance tape from a check cashing store that showed that Plaintiff was at his vending stand in Springfield Gardens at the time of the alleged carjacking. Upon Plaintiff's information and belief, the 110th Precinct Police failed to view the tape or talk to any witnesses at that location.

20.     Plaintiff has suffered severe emotional, mental, and physical distress as a result of the incidents complained of herein. He also lost several weeks of income and then ultimately lost his employment as a result of his arrest and imprisonment.

## AS FOR A FIRST CAUSE OF ACTION

21.     Plaintiff repeats and realleges paragraphs 1 through 20 as if each paragraph is repeated verbatim herein.

22. Defendants Detective Bruce Koch, Detective Antoin Malloy, and Detective Nelson Villafone, while acting under color of State Law, arrested and imprisoned Plaintiff without probable cause to believe he had committed a crime and without having conducted any investigations, without having asked Plaintiff any questions, and without having looked into or checked into any alibi that Plaintiff had. Therefore, the individual Defendants violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By violating Plaintiff's constitutional rights under color of State Law, the individual Defendants violated 42 U.S.C. § 1983.

23. As a result of the individual Defendants' unlawful seizure of Plaintiff's person, Plaintiff: was denied his freedom and liberty for approximately five weeks; lost income and his employment; and suffered severe emotional, mental, and physical distress. Plaintiff claims: general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for emotional, mental, and physical distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

24. In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when they arrested him without probable cause, Plaintiff seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

25.     Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.


### AND AS FOR A SECOND CAUSE OF ACTION

26.     Plaintiff repeats and realleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27.     Defendants Detective Bruce Koch, Detective Antoin Malloy, and Detective Nelson Villafone, while acting under color of State Law, conspired to arrest and imprison Plaintiff without probable cause to believe he had committed a crime. Their conspiracy violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By conspiring to violate Plaintiff's constitutional rights while acting under color of State Law, the individual Defendants violated 42 U.S.C. § 1983.

28.     As a result of the individual Defendants' conspiracy, Plaintiff: was denied his freedom and liberty for approximately five weeks; lost income and his employment; and suffered severe emotional, mental, and physical distress. Plaintiff claims: general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his physical, emotional and mental distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

29.     In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when conspired to arrest him without

probable cause, Plaintiff seeks punitive damages in an amount sufficient to punish the individual

Defendants and deter others like them from repeating such unlawful conduct.

30.     Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.


## AND AS FOR A THIRD CAUSE OF ACTION

31.     Plaintiff repeats and realleges paragraphs 1 through 30 as if each paragraph is

repeated verbatim herein.

32.     The individual Defendants and other officers from the 110th Precinct, while acting

under color of State Law, willfully and maliciously kept Plaintiff imprisoned by deliberately and

maliciously failing to check into and consider Plaintiff's alibi at any time, including failing to

view the surveillance tape that substantiated Plaintiff's alibi, thereby violating Plaintiff's right to

be free from unreasonable seizures, secured to him under the Fourth and Fourteenth

Amendments to the Constitution, and Plaintiff's right not to be denied his liberty without due

process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution.

By violating Plaintiff's constitutional rights under color of State Law, the individual Defendants

and other officers from the 110th Precinct violated 42 U.S.C. § 1983.

33.     As a result of these officers' deliberate and malicious failure to check into and

consider Plaintiff's alibi, including their failure to view the surveillance tape that substantiated

Plaintiff's alibi, Plaintiff: was denied his freedom and liberty for approximately five weeks; lost

income and his employment; and suffered severe emotional, mental, and physical distress.

Plaintiff claims: general and compensatory damages in an amount that would adequately

compensate him for the violation of his rights and for his emotional, mental, and physical

distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

34. In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when they deliberately failed to check into or consider Plaintiff's alibi, Plaintiff seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

35. Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.


## AND AS FOR A FOURTH CAUSE OF ACTION

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. The individual Defendants and other officers from the 110th Precinct, while acting under color of State Law, willfully and maliciously conspired to keep Plaintiff imprisoned and to leave his alibi unchecked, thereby violating Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and Plaintiff's right not to be denied his liberty without due process of law, secured to him under the Fifth and Fourteenth Amendments to the Constitution. By conspiring to violate Plaintiff's constitutional rights under color of State Law, the individual Defendants and other officers from the 110th Precinct violated 42 U.S.C. § 1983.

38. As a result of these officers' conspiracy to keep Plaintiff imprisoned and to leave

his alibi unchecked , Plaintiff: was denied his freedom and liberty for approximately five weeks; lost income and his employment; and suffered severe emotional, mental, and physical distress. Plaintiff claims: general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his physical, emotional and mental distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

39.     In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when they conspired to keep him imprisoned and to leave his alibi unchecked, Plaintiff seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

40.     Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.

### AND AS FOR A FIFTH CAUSE OF ACTION

41.     Plaintiff repeats and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42.     In violation of 42 U.S.C. § 1983, Defendants Detective Bruce Koch, Detective Antoin Malloy, and Detective Nelson Villafone, while acting under color of State Law, charged Plaintiff with crimes and prosecuted him on those charges while deliberately and maliciously failing to check into or consider Plaintiff's alibi, including failing to view the surveillance tape that substantiated Plaintiff's alibi.  The criminal charges against Plaintiff were later dismissed.

43.     As a result of the individual Defendants' charging and prosecution of Plaintiff, Plaintiff: was denied his freedom and liberty for approximately five weeks; lost income and his employment; and suffered severe emotional and mental distress.  Plaintiff claims: general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

44.     In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when they charged him with crimes and prosecuted him on those charges, Plaintiff seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

45.     Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.

### AND AS FOR A SIXTH CAUSE OF ACTION

46.     Plaintiff repeats and realleges paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47.     In violation of 42 U.S.C. § 1983, Defendants Detective Bruce Koch, Detective Antoin Malloy, and Detective Nelson Villafone, while acting under color of State Law, conspired to leave Plaintiff's alibi unchecked and charge him with crimes and prosecute him on those charges.  The criminal charges against Plaintiff were later dismissed.

48.     As a result of the individual Defendants' conspiracy to charge and prosecute

Plaintiff and leave his alibi unchecked, Plaintiff: was denied his freedom and liberty for approximately five weeks; lost income and his employment; and suffered severe emotional, mental, and physical distress. Plaintiff claims: general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress; and specific damages in the amount of income that he lost during his incarceration and that he has lost since being terminated from his employment, which occurred as a result of the incidents complained of herein.

49.     In addition, because the individual Defendants acted with malice and intentional disregard for Plaintiff Larry Velasco's constitutional rights when they conspired to charge him with crimes and prosecute him on those charges, Plaintiff seeks punitive damages in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct.

50.     Plaintiff also seeks attorneys' fees and the costs and disbursements of this action.

## AND AS FOR A SEVENTH CAUSE OF ACTION

51.     Plaintiff repeats and realleges paragraphs 1 through 50 as if each paragraph is repeated verbatim herein.

52.     The violations of Plaintiff's constitutional rights and of Federal Law in Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action by the individual Defendants and by other officers in the 110th Precinct were carried out under the following policies, customs, and practices of Defendant City of New York:

        i.      Failure to establish, publish, and instill in New York City Police Officers

and Detectives the practical meaning of probable cause or reasonable cause for arrests so that officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

       ii.     Failure to establish, publish, and instill in New York City Police Officers and Detectives the importance of conducting an investigation before arresting a member of the public;

       iii.     Failure to establish, publish, and instill in New York City Police Officers and Detectives the importance of investigating arrestees' alibi, including but not limited to speaking with witnesses to the arrestee's whereabouts at the type of the alleged crime and looking into any evidence that might exculpate the arrestee;

       iv.     De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later; and

       v.     Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

53.     Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with the individual Defendants for the general and specific damages Plaintiff sustained in the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, as well as for the attorneys' fees and the costs and disbursements of the action.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i.      general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress; -- against all Defendants, jointly and severally;

ii.      specific damages in the amount of income that Plaintiff lost during the incarceration and that he has lost since being terminated from his employment – against all Defendants, jointly and severally;

iii.      punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

iv.      attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally; and

v.      such other relief as the court deems just and proper.


Dated:   Brooklyn, New York
           November 21, 2006


OFODILE & ASSOCIATES, P.C.
Attorneys for Plaintiff Larry Velasco


By:  /s/ /b/ Anthony C. Ofodile
      ANTHONY C. OFODILE, ESQ. (AO-8295)
      498 Atlantic Ave.
      Brooklyn, NY 11217
      Tel. No.:  (718) 852-8300